**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CLAYTON KING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-24-392-R** |
| | ) | |
| **UNITED STATES, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff, proceeding pro se and in forma pauperis,[1] initiated this action by filing a document titled "Lawsuit for Account Action" and twelve attachments. Pursuant to the directives of 28 U.S.C. § 1915(e)(2), the Court has reviewed Plaintiff's filings and finds that they fail to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's filing,

---

[1] Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] was referred to United States Magistrate Judge Amanda Maxfield Green. Judge Green issued an Order [Doc. No. 4] granting the Application, but directed Plaintiff to pay an initial partial fee of $70.55 by May 15, 2024. Plaintiff subsequently submitted a payment in the amount of $44.44, but has not paid the remaining portion of the initial filing fee. Plaintiff also submitted two letters to the Court that are largely incoherent but appear to argue that there was an "accounting error" in calculating his initial filing fee [Doc. No. 5 and 6]. The supporting documentation included with Plaintiff's IFP Application indicates that the average monthly balance in Plaintiff's prison account for the preceding six month period amounts to $70.55. Plaintiff's filings do not adequately explain why he is unable to pay this amount as an initial partial filing fee. To the extent Plaintiff wishes to proceed with amending his complaint, he must pay the remaining initial partial filing fee or show good cause for the failure, otherwise the action will be subject to dismissal.

even when afforded a liberal construction, does not satisfy this requirement. The allegations are largely incoherent and, although Plaintiff cites some statutory provisions, the Court cannot discern the claims he intends to assert, the party he intends to assert each claim against, or the facts underlying those claims. Plaintiff has also failed to comply with Federal Rule of Civil Procedure 10, which requires every complaint to include a caption naming all parties and to state claims in separately numbered paragraphs.

Because Plaintiff's filings are devoid of a coherent factual basis for any cognizable claim against any named defendant, the Court finds he has failed to state a claim. Therefore, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's complaint is DISMISSED without prejudice. Because Plaintiff is a pro se litigant and it is unclear whether granting leave to amend would be futile, the Court will permit Plaintiff to file an Amended Complaint within 21 days of the date of this Order that complies with Federal Rules of Civil Procedure 8 and 10. If an amended complaint is not timely filed, this action will be dismissed with prejudice without further notice.

IT IS SO ORDERED this 29th day of May, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE